**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED-ED4
02 FEB 21 PM 3:59
CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **JAE DUCK KIM,** | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. 02C 1278 |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **IDEASTIX, INC.**, a California Corporation, | ) | |
| | ) | |
| *Defendant.* | ) | |

**JUDGE HIBBLER**

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

DOCKETED
FEB 22 2002

**COMPLAINT**

Plaintiff, JAE DUCK KIM ("Mr. Kim"), through his attorneys, for his complaint against Defendant, IDEASTIX, INC. ("IdeaStix"), hereby demands a jury trial and alleges as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop IdeaStix's unauthorized and infringing sale of products incorporating Mr. Kim's patented ornamental stickers and methods of manufacturing an ornamental sticker. IdeaStix has been importing and selling knock-offs of Mr. Kim's ornamental stickers, which incorporate patented technology and are made with patented manufacturing methods. IdeaStix has continued its infringing actions even after receiving express notice of Mr. Kim's patents. Mr. Kim seeks injunctive relief to prevent IdeaStix from making, importing, selling or offering to sell these infringing ornamental stickers. Mr. Kim also seeks damages for all past infringement. IdeaStix's willful disregard of Mr. Kim's patent rights makes this an exceptional case for which Mr. Kim seeks treble damages, attorney fees, costs, and expenses.

## THE PARTIES

### Plaintiff Jae Duck Kim

2.  Mr. Kim has more than 19 years of experience in the ornamental sticker industry, and has become well-known in the industry for his creative ideas and innovative techniques to manufacture ornamental stickers.

3.  Mr. Kim has devoted significant resources to researching and designing newer and better ornamental stickers and methods for manufacturing ornamental stickers, for which he received patents in 1991 and 1992.

### Defendant IdeaStix, Inc.

4.  On information and belief, IdeaStix is a corporation organized under the laws of California, with its principal office in Torrance, California.

5.  On information and belief, IdeaStix manufactures and sells products for the home decorating, stationery and premium/incentive industry. As part of its product line, IdeaStix imports and sells ornamental stickers for both the commercial/industrial and the general market.

6.  On information and belief, IdeaStix sells and offers to sell these ornamental sticker products (through its website and catalogs) in every state in the United States.

7.  IdeaStix displayed and offered for sale these ornamental stickers at the 2002 International Housewares Show ("Housewares Show") on January 13-15, 2002. The Housewares Show was held at McCormick Place, 2301 S. Lake Shore Drive, Chicago, Illinois 60612.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over IdeaStix under the Illinois long-arm statute, under 735 ILCS 5/2-209(a)(1), (a)(2) and (b)(4), because IdeaStix has transacted business in this district, because IdeaStix has committed acts of infringement in this district, and because IdeaStix is a corporation doing business in this district.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because this Court has personal jurisdiction over IdeaStix as alleged in paragraph 9, above.

## FACTUAL BACKGROUND

### Overview of Ornamental Sticker Technology

11. This case involves ornamental sticker technology. Typically, ornamental stickers are formed by printing the designs of the ornamental stickers onto a sheet covered by an adhesive material. The individual sticker is then formed by cutting around the outer margin of the design. Thus, conventional stickers require a separate cutting step at the end of the manufacturing process. The excess material is discarded.

12. Ornamental stickers are used as an inexpensive houseware tool to decorate various surfaces, such as walls, kitchen and bathroom tiles, mirrors, refrigerators, windows, mugs and glasses, etc., and can peel off easily when needed.

13. Double-sided ornamental stickers can be used to decorate two sides of a transparent surface, such as a drinking glass or a window.

## U.S. Patent No. 5,021,275

14. On June 4, 1991, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 5,021,275 (the '275 patent, attached as Exhibit A) to Mr. Kim for an ornamental sticker product. Mr. Kim owns all rights in the '275 patent, including the right to sue for past infringement.

15. The claimed '275 invention includes a number of layers formed in the shape of the sticker. By forming each layer in the shape of the sticker, the sticker does not require a separate cutting step.

16. Because the ornamental stickers of the '275 patent do not require a separate cutting step, manufacturing these ornamental stickers does not result in excess material. Thus, the ornamental stickers of the '275 patent result in significant manufacturing cost savings.

17. Mr. Kim has placed the required statutory notice on all ornamental stickers manufactured and sold by him under the '275 patent, and has given IdeaStix written notice that its ornamental sticker products infringe the '275 patent.

## U.S. Patent No. 5,169,681

18. On December 8, 1992, the PTO issued U.S. Patent No. 5,169,681 (the '681 patent, attached as Exhibit B) to Mr. Kim for an invention related to methods for manufacturing an ornamental sticker. Mr. Kim owns all rights in the '681 patent, including the right to sue for past infringement.

19. The '681 patent invention is directed to a method of manufacturing an ornamental sticker that does not require a separate cutting step to form the sticker.

20. Because the methods for manufacturing the ornamental stickers of the '681 patent do not require a separate cutting step, the methods do not result in excess material. Thus, the methods of the '681 patent result in significant manufacturing cost savings.

21. Mr. Kim has placed the required statutory notice on all ornamental stickers manufactured and sold by him under the '681 patent, and has given IdeaStix written notice that its manufacturing process for making ornamental stickers infringes the '681 patent.

**Mr. Kim Will Be Irreparably Harmed By IdeaStix's Continued Infringement**

22. Mr. Kim has been damaged by IdeaStix's infringement of his valuable patent rights in at least the following ways. First, IdeaStix's infringement of the '275 patent and the '681 patent has deprived Mr. Kim of sales of the patented ornamental stickers. These are sales that Mr. Kim would have made but for IdeaStix's infringement.

23. Second, Mr. Kim is placed in a competitive disadvantage when IdeaStix exploits the innovative results of Mr. Kim's research and development without paying for them.

24. Third, IdeaStix's infringment damages Mr. Kim's reputation and goodwill as a leading source of innovation and advancement in the ornamental sticker industry. The public and marketplace perception of Mr. Kim as a source of innovative ornamental stickers is eroded when infringers like IdeaStix take a free ride on Mr. Kim's intellectual property rights.

25. Fourth, IdeaStix's unauthorized, infringing use of both the '275 patent and the '681 patent has threatened to erode the value of Mr. Kim's intellectual property rights. Accordingly, Mr. Kim will suffer irreparable harm for which there is no adequate remedy at law.

## COUNT I

### Patent Infringement of U.S. Patent No. 5,021,275

26. Mr. Kim incorporates by reference paragraphs 1-25.

27. IdeaStix has and still is infringing at least one claim of the '275 patent by importing, offering to sell, and selling ornamental stickers that embody the patented invention, and will continue to do so unless enjoined by this court.

28. Mr. Kim has been damaged by IdeaStix's infringement and will suffer irreparable injury unless enjoined by this Court.

## COUNT II

### Patent Infringement of U.S. Patent No. 5,169,681

29. Mr. Kim incorporates by reference paragraphs 1-25.

30. IdeaStix has and still is infringing at least one claim of the '681 patent by importing, offering to sell, and selling ornamental stickers that embody the patented invention, and will continue to do so unless enjoined by this court.

31. Mr. Kim has been damaged by IdeaStix's infringement and will suffer irreparable injury unless enjoined by this Court.

**WHEREFORE**, Mr. Kim respectfully asks that the Court:

A. Preliminarily and permanently enjoin IdeaStix, its agents, successors and assigns, and all persons acting on their behalf or within their control, from making, using, selling, offering to sell, importing, or otherwise engaging in acts of infringement of Mr. Kim's '275 patent;

B. Preliminarily and permanently enjoin IdeaStix, its agents, successors and assigns, and all persons acting on their behalf or within their control, from making, using, selling, offering to sell, importing, or otherwise engaging in acts of infringement of Mr. Kim's '681 patent;

C. Award actual damages for IdeaStix's infringement;

D. Award treble damages under 35 U.S.C. § 284;

E. Enter an order declaring this an exceptional case under 35 U.S.C. § 285 and award Mr. Kim his attorney fees, costs, and expenses; and

F. Grant Mr. Kim such other further relief as may be just and appropriate.

Dated: February 21, 2002

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL

Edward H. Rice (6,199,115)
Marina N. Saito (6,230,179)
8000 Sears Tower
233 South Wacker Driver
Chicago, Illinois 60606
Ph: (312) 876-8000
Fx: (312) 876-7934
*Attorneys for Plaintiff Jae Duck Kim*

11380277v1



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

FILED-ED4

'02 FEB 21 PM 3:59

CLERK
U.S. DISTRICT COURT

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the Northern District of Illinois.

**Plaintiff(s):** Kim, Jae Duck

County of Residence: Korea

Plaintiff's Atty: Marina N. Saito
Sonnenschein Nath & Rosenthal
8000 Sears Tower, 233 S. Wacker, Chicago, Illinois 60606
312.876.8000

**Defendant(s):** Ideastix, Inc.

County of Residence: L.A. County California

Defendant's Atty:
Ben E. Lofstedt
Christian Law Center
2701 E. Chapman, Ste. 112
Fullerton, CA 92634
714.738.8822

DOCKETED FEB 2 2 2002

II. Basis of Jurisdiction: 3. Federal Question (U.S. not a party)

III. Citizenship of Principal Parties (Diversity Cases Only)
Plaintiff: - N/A
Defendant: - N/A

JUDGE HIBBLER
02C 1278
MAGISTRATE JUDGE
GERALDINE SOAT BROWN

IV. Origin : 1. Original Proceeding

V. Nature of Suit: 830 Patent

VI. Cause of Action: 35 U.S.C. Section 281. Patent Infringement.

VII. Requested in Complaint
Class Action: No
Dollar Demand:
Jury Demand: Yes

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: 21 FEB. 2002

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

In the Matter of

Jae Duck Kim, Plaintiff,

v.

Ideastix, Inc., a California Corporation, Defendant.

FILED-ED4

02 FEB 21 PM 3: 59

CLERK
U.S. DISTRICT COURT

DOCKETED FEB 2 2 2002

Case Number: **02C 1278**

**JUDGE HIBBLER**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:
JAE DUCK KIM

MAGISTRATE JUDGE GERALDINE SOAT BROWN

| (A) | (B) |
|---|---|
| SIGNATURE: *Edward H. Rice* | SIGNATURE: *[signed]* |
| NAME: Edward H. Rice | NAME: Marina N. Saito |
| FIRM: Sonnenschein Nath & Rosenthal | FIRM: Sonnenschein Nath & Rosenthal |
| STREET ADDRESS: 8000 Sears Tower, 233 South Wacker Drive | STREET ADDRESS: 8000 Sears Tower, 233 South Wacker Drive |
| CITY/STATE/ZIP: Chicago, Illinois 60606 | CITY/STATE/ZIP: Chicago, Illinois 60606 |
| TELEPHONE NUMBER: (312) 876-8000 | TELEPHONE NUMBER: (312) 876-8000 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6199115 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6230179 |
| MEMBER OF TRIAL BAR? YES ✓ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ✓ |
| TRIAL ATTORNEY? YES ✓ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ✓ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ✓ |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |