# FILED

APR 2 2 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JAE DUCK KIM, | ) |
| Plaintiff, | ) Civil Action No. 02 C 1278 |
| v. | ) Judge Hibbler |
| | ) Magistrate Judge Geraldine Sloat Brown |
| IDEASTIX, INC., a California Corporation | ) |
| Defendant. | ) |

**DOCKETED**

APR 2 3 2002

## NOTICE OF FILING

To:   Edward H. Rice
      Marina N. Saito
      Sonnenschein Nath & Rosentahl
      8000 Sears Tower
      233 South Wacker Drive
      Chicago, IL  60606

**PLEASE TAKE NOTICE** that Raymond M. Mehler hereby files the Certificate of Service which should be attached to the Answer, Affirmative Defenses and Counterclaim in the above-captioned civil action to be added as counsel of record for defendant IdeaStix, Inc.  A copy of the appearance form is attached hereto.

Respectfully submitted,

By: _____

David Lesht (6180985)
Raymond M. Mehler (1877275)
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER
200 West Adams Street, Suite 2850
Chicago, IL  60606
Telephone:  (312) 236-8500
Facsimile:  (312) 236-8176

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing APPEARANCE, and ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM has been served on counsel for Plaintiff, JAE DUCK KIM by mailing a copy via first class mail this 22nd day of April 2002 to:

Edward H. Rice
Marina N. Saito
Sonnenschein Nath & Rosentahl
8000 Sears Tower
233 South Wacker Drive
Chicago, IL 60606

_____
Raymond M. Mehler

1400-0001

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

FILED

JAE DUCK KIM, )
)
    *Plaintiff,* )  Civil Action No. 02 C 1278
)
v. )  Judge Hibbler
)  Magistrate Judge Geraldine Sloat Brown
)
IDEASTIX, INC., a California Corporation )
)    **JURY TRIAL DEMANDED**
    *Defendant.* )

APR 2 3 2002 MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COUR

DOCKET

APR 2 3 20

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, IdeaStix, Inc., through its attorneys, requests a jury trial and answers the Complaint by admitting, denying and alleging as follows:

## NATURE OF THE ACTION

1.    This is a patent infringement action to stop IdeaStix's unauthorized and infringing sale of products incorporating Mr. Kim's patented ornamental stickers and methods of manufacturing an ornamental sticker. IdeaStix has been importing and selling knock-offs of Mr. Kim's ornamental stickers, which incorporate patented technology and are made with patented manufacturing methods. IdeaStix has continued its infringing actions even after receiving express notice of Mr. Kim's patents. Mr. Kim seeks injunctive relief to prevent IdeaStix from making, importing, selling or offering to sell these infringing ornamental stickers. Mr. Kim also seeks damages for all past infringement. IdeaStix's willful disregard of Mr. Kim's patent rights

1

makes this an exceptional case for which Mr. Kim seeks treble damages, attorney fees,

costs, and expenses.

ANSWER:

> IdeaStix denies each of the allegations in paragraph 1, except to admit that Kim is
> the named inventor on patents for an ornamental sticker and method of
> manufacturing the same, and that this is an alleged action for patent infringement
> seeking an injunction and damages.

## THE PARTIES

### [Plaintiff, Jae Duck Kim]

2.        Mr. Kim has more than 19 years of experience in the ornamental sticker

industry, and has become well-known in the industry for his creative ideas and innovative

techniques to manufacture ornamental stickers.

ANSWER:

> IdeaStix has insufficient information to either admit or deny the allegations of
> paragraph 2 and on that basis denies the same.  Ideastix alleges that the self-
> laudatory allegations in this paragraph are immaterial and impertinent.

3.        Mr. Kim has devoted significant resources to researching and desiring

newer and better ornamental stickers and methods for manufacturing ornamental stickers,

for which he received patents in 1991 and 1992.

ANSWER:

> IdeaStix has insufficient information and belief to either admit or deny the
> allegations in paragraph 3 and on that basis denies the same; except, to admit that
> Kim received patents in 1991 and 1992 for an ornamental sticker and method for
> manufacturing the same.  IdeaStix alleges that the self-laudatory allegations in
> this paragraph are immaterial and impertinent.

## Defendant IdeaStix, Inc.

4.      On information and belief, IdeaStix is a corporation organized under the laws of California, with its principal office in Torrance, California.

ANSWER:

IdeaStix admits the allegations in paragraph 4.


5.      On information and belief, IdeaStix manufactures and sells products for the home decorating, stationery and premium/incentive industry.  As part of its product line, IdeaStix imports and sells ornamental stickers for both the commercial/industrial and the general market.

ANSWER:

IdeaStix denies each and every allegation in paragraph 5, except to admit that it sells products for the home decorating market, stationary and incentive industry.


6.      On information and belief, IdeaStix sells and offers to sell these ornamental stick products (through its website and catalogs) in every state in the United States.

ANSWER:

IdeaStix denies each and every allegation in paragraph 6, except to admit that it offers to sell its products on its website and its brochures in many states in the United States.


7.      IdeaStix displayed and offered for sale these ornamental stickers at the 2002 International  Housewares Show (Housewares Show") on January 13-15, 2002. The Housewares Show was held at McCormick Place, 2301 S. Lake Shore Drive,

Chicago, Illinois 60612.

ANSWER:

> IdeaStix admits that it displayed and offered for sale its products at the 2002
> International Housewares Show on January 13-15, 2002 and that the show was
> held at McCormick Place, 2301 S. Lake Shore Drive, Chicago, Illinois  60612.
> To the extent this paragraph implies infringement, such is denied.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this patent infringement

action under 28 U.S.C. §§ 1331 and 1338(a).

ANSWER:

> IdeaStix admits that the Complaint alleges this Court has subject matter
> jurisdiction, but denies any statement or implication that any claim brought
> thereunder is meritorious.

9.      This Court has personal jurisdiction over IdeaStix under the Illinois long-

arm statute, under 735 ILCS 5/2-209(a)(1), (a)(2) and (b)(4), because IdeaStix has

transacted business in this district, because IdeaStix has committed acts of infringement

in this district, and because IdeaStix is a corporation doing business in this district.

ANSWER:

> IdeaStix denies it has committed acts of infringement and has insufficient
> information and belief to admit or deny the remaining allegations and on that
> basis denies the same.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because

this Court has personal jurisdiction over IdeaStix as alleged in paragraph 9, above.

ANSWER:

    IdeaStix has insufficient information and belief to admit or deny the allegations and on that basis denies the same.

## FACTUAL BACKGROUND

### [Overview of Ornamental Sticker Technology]

    11.    This case involves ornamental sticker technology. Typically, ornamental stickers are formed by printing the designs of the ornamental stickers onto a sheet covered by an adhesive material. The individual sticker is then formed by cutting around the outer margin of the design. Thus, conventional stickers require a separate cutting step at the end of the manufacturing process. The excess material is discarded.

ANSWER:

    IdeaStix has insufficient information and belief to admit or deny the allegations in paragraph 11 and on that basis denies the same.

    12.    Ornamental stickers are used as an inexpensive houseware tool to decorate various surfaces, such as walls, kitchen and bathroom tiles, mirrors, refrigerators, windows, mugs and glasses, etc., and can peel off easily when needed.

ANSWER:

    IdeaStix has insufficient information and belief to admit or deny the allegations in paragraph 12 and on that basis denies the same.

    13.    Double-sided ornamental stickers can be used to decorate two sides of a transparent surface, such as a drinking glass or a window.

ANSWER:

    IdeaStix has insufficient information and belief to admit or deny the allegations in paragraph 13 and on that basis denies the same.

**[U.S. Patent No 5,021,275]**

14.     On June 4, 1991, the United States Patent and Trademark Office ("PTO")

issued U.S. Patent No. 5,021,275 (the '275 patent, attached as Exhibit A) to Mr. Kim for

an ornamental sticker product.  Mr. Kim owns all rights in the '275 patent, including the

right to sue for past infringement.

ANSWER:

> IdeaStix has insufficient information and belief to admit or deny the allegations in
> paragraph 14 and on that basis denies the same, except, to admit that on June 4,
> 1991, the United States Patent and Trademark Office ("PTO") issued U.S. patent
> number 5,021,275 wherein Kim is identified as the inventor, and the patent is for
> an ornamental sticker as claimed.

15.     The claimed '275 invention includes a number of layers formed in the

shape of the sticker. By forming each layer in the shape of the sticker, the sticker does not

require a separate cutting step.

ANSWER:

> IdeaStix has insufficient information and belief to admit or deny the allegations in
> paragraph 15 and on that basis denies the same.

16.     Because the ornamental stickers of the '275 patent do not require a

separate cutting step, manufacturing these ornamental stickers does not result in excess

material. Thus, the ornamental stickers of the '275 patent result in significant

manufacturing cost savings.

ANSWER:

> IdeaStix has insufficient information and belief to admit or deny the allegations in
> paragraph 16 and on that basis denies the same.

17.   Mr. Kim has placed the required statutory notice on all ornamental stickers manufactured and sold by him under the '275 patent, and has given IdeaStix written notice that its ornamental sticker products infringe the '275 patent.

ANSWER:

IdeaStix has insufficient information and belief to admit or deny the allegations in paragraph 17 and on that basis denies the same; except, to admit at a point in time Kim informed IdeaStix of the allegation that its products infringe the '275 patent.

### [U.S. Patent No 5,169,681]

18.   On December 8, 1992, the PTO issued U.S. Patent No. 5,169,681 (the '681 patent attached as Exhibit B) to Mr. Kim for an invention related to methods for manufacturing an ornamental sticker. Mr. Kim owns all rights in the '681 patent, including the right to sue for past infringement.

ANSWER:

IdeaStix has insufficient information and belief to admit or deny the allegations in paragraph 18 and on that basis denies the same, except to admit that on December 8, 1992, the PTO issued patent number 5,169,681 wherein Kim is identified as the inventor and the patent relates to a method, as claimed, of manufacturing an ornamental sticker.

19.   The '681 patent invention is directed to a method of manufacturing an ornamental sticker that does not require a separate cutting step to form the sticker.

ANSWER:

IdeaStix has insufficient information and belief to admit or deny the allegations in paragraph 19 and on that basis denies the same.

20.   Because the methods for manufacturing the ornamental stickers of the '681 patent do not require a separate cutting step, the methods do not result in excess material.

Thus, the methods of the '681 patent result in significant manufacturing cost savings.

ANSWER:

    IdeaStix has insufficient information and belief to admit or deny the allegations in paragraph 20 and on that basis denies the same.

21.    Mr. Kim has placed the required statutory notice on all ornamental stickers manufactured and sold by him under the '681 patent, and has given IdeaStix written notice that its manufacturing process for making ornamental stickers infringes the '681 patent.

ANSWER:

    IdeaStix has insufficient information and belief to admit or deny the allegations in paragraph 21 and on that basis denies the same; except to admit that at some point in time, Kim informed IdeaStix of the allegation that it infringed its patents.

**[Mr. Kim Will Be Irreparably Harmed By IdeaStix's Continued Infringement]**

22.    Mr. Kim has been damaged by IdeaStix's infringement of his valuable patent rights in at least the following ways. First, IdeaStix's infringement of the '275 patent and the '681 patent has deprived Mr. Kim of sales of the patented stickers. These are sales that Mr. Kim would have made but for IdeaStix's infringement.

ANSWER:

    IdeaStix denies each and every allegation in paragraph 22 and alleges that Kim has not been damaged by any act or omission by IdeaStix.

23.    Second, Mr. Kim is placed in a competitive disadvantage when IdeaStix exploits the innovative results of Mr. Kim's reputation and development without paying for them.

ANSWER:

    IdeaStix has insufficient information and belief to admit or deny the allegations in paragraph 23 and on that basis denies the same.  IdeaStix alleges that the allegations in this paragraph are a hypothetical argument that is immaterial, impertinent and scandalous.  Answering further, IdeaStix denies statements or implications that IdeaStix has exploited any innovative result of Mr. Kim's research and development which places him at a competitive disadvantage.

    24.    Third, IdeaStix's infringement damages Mr. Kim's reputation and goodwill as a leading source of innovation and advancement in the ornamental sticker industry. The public and marketplace perception of Mr. Kim as a source of innovative ornamental stickers is eroded when infringers like IdeaStix take a free ride on Mr. Kim's intellectual property rights.

ANSWER:

    IdeaStix denies each and every allegation of paragraph 24.  IdeaStix alleges that the allegations of this paragraph are self-laudatory and are a hypothetical argument that is immaterial, impertinent and scandalous.

    25.    Fourth, IdeaStix's unauthorized, infringing use of both the '275 patent and the '681 patent has threatened to erode the value of Mr. Kim's intellectual property rights. Accordingly, Mr. Kim will suffer irreparable harm for which there is no adequate remedy at law.

ANSWER:

    IdeaStix denies each and every allegation in paragraph 25.

## COUNT I

### [Patent Infringement of U.S. Patent No. 5,021,275]

26.    Mr. Kim incorporates by reference paragraphs 1-25.

ANSWER:

IdeaStix incorporates by reference its responses to the allegations in paragraph 1 to 25.

27.    IdeaStix has and still is infringing at least one claim of the '275 patent by importing, offering to sell and selling ornamental stickers that embody the patented invention, and will continue to do so unless enjoined by this court.

ANSWER:

IdeaStix denies each and every allegation in paragraph 27 and specifically alleges non-infringement, absence of liability for infringement, unenforceability and invalidity.

28.    Mr. Kim has been damaged by IdeaStix's infringement and will suffer irreparable injury unless enjoined by this Court.

ANSWER:

IdeaStix denies each and every allegation of paragraph 28 and alleges that Kim has not been damaged by any act or omission by IdeaStix.

## COUNT II

### [Patent Infringement of U.S. Patent No. 5,169,681]

29.    Mr. Kim incorporates by reference paragraphs 1-25.

ANSWER:

IdeaStix incorporates by reference its responses 1 through 25.

30.     IdeaStix has and still is infringing at least one claim of the '681 patent by
importing, offering to sell, and selling ornamental stickers that embody the patented
invented and will continue to do so unless enjoined by this court.

ANSWER:

    IdeaStix denies each and every allegation in paragraph 30 and alleges no
infringement, absence of liability for infringement, unenforceability and
invalidity.

31.     Kim has been damaged by IdeaStix's infringement and will suffer
injury unless enjoined by this Court.

ANSWER:

    IdeaStix denies each and every allegation in paragraph 31 and alleges that Kim
has not been damaged by any act or omission by IdeaStix.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### [Insufficient Facts]

32.     Kim is not entitled to the relief which he is seeking, or any relief, on the
grounds that he has failed to allege sufficient facts to state a claim.

## SECOND AFFIRMATIVE DEFENSE

### [No Personal Jurisdiction and Improper Venue]

33.     IdeaStix objects to personal jurisdiction and venue in the Northern District
of Illinois, Eastern Division.

11

## THIRD AFFIRMATIVE DEFENSE

[Patent Invalidity Based On Novelty]

34.     IdeaStix is informed and believes, and on that basis alleges, that Kim is

not entitled to the relief he is seeking, or any relief, on the grounds that the patents in suit

are invalid under 35 U.S.C. §102 in that the patented inventions lack novelty and/or the

inventor lost his right to patents by the tardy filing of patent applications.

35.     IdeaStix is informed and believes and on that basis alleges, that the

inventions of the '275 patent and '681 patent were known or used by others in this

country, or patented or described in a printed publication in this or a foreign country,

before the invention thereof by the patent applicant.

36.     IdeaStix is informed and believes, and on that basis alleges, that the

inventions of the '275 patent and the '681 patent were patented or described in a printed

publication in this or a foreign country or in public use or on sale in this country, more

than one year prior to the dates of the applications for patent in the United States.

37.     IdeaStix is informed and believes, and on that basis alleges, that the

inventions of the '275 patent and the '681 patent were first patented or caused to be

patented, or was the subject of an inventor's certificate, by the patent applicant, or its

legal representative, in a foreign country prior to the date of the applications for patent in

this country on an application for patent or inventor's certificate filed more that twelve

months before the filing of the applications in the United States.

38.     IdeaStix is informed and believes, and on that basis alleges, the inventions

of the '275 patent and '681 patent were described in an application for patent by another

filed in the United States before the invention by patent applicant for the patents-in-suit and/or a patent granted on an application for patent by another filed in the United States before the invention by patent applicant for the patents-in-suit.

39.     IdeaStix is informed and believes, and on that basis alleges that on or about December 30, 1982, an original application for a utility model registration was filed with the Korean Industrial Property Office by inventor Wang Lee and assigned original application number patent 1982-0005875; on or about December 30, 1983, an application was made for a utility model registration with the Korean Industrial Property office by inventor Wang Lee, and this application was assigned number U1983-0011407; there was a pre-grant publication of this application on or about July 20, 1984, and the publication was assigned U1984-0003059; on or about September 17, 1985, the Korean Industrial Property Office issued registration number U1985-0001994, and the registrant was Plaintiff, Kim.

40.     IdeaStix is informed and believes, and on that basis alleges, that each and every claim of the '275 patent and '681 patent is disclosed, described and anticipated by the pre-grant publications and registration alleged herein.


## FOURTH AFFIRMATIVE DEFENSE

### [Invalidity Based On False Inventorship]

41.     IdeaStix is informed and believes, and on that basis alleges that Kim is not entitled to the relief that he is seeking, or any relief, on the grounds that the patents-in-suit are invalid under 35 U.S.C. §102(f) in that Kim is not himself the inventor of the subject matter that is patented.

42.     IdeaStix is informed and believes, and on that basis alleges, that Wang Lee is the inventor of the subject matter of each and every claim of '275 patent and the '681 patent.

## FIFTH AFFIRMATIVE DEFENSE

### [Invalidity Based On Obviousness]

43.     IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the relief he is seeking, or any relief, on the grounds that the patents-in-suit are invalid under 37 U.S.C. §103 for being obvious.

44.     IdeaStix is informed and believes, and on that basis alleges, that the differences between the subject matter patented in the '275 patent and '681 patent and the prior art are such that the subject matter as a whole was obvious at the time the invention to persons having ordinary skill in the art to which the subject matter of the patents pertains.

45.     IdeaStix is informed and believes, and on that basis alleges, that the subject matter of the '275 patent and the '681 patent was obvious to a person of ordinary skill in the art at the time that Kim allegedly made those inventions based on applications filed in and registrations issued by the Korean Industrial Property Office, as alleged herein.

## SIXTH AFFIRMATIVE DEFENSE

### [Invalidity Based Upon a Deficient Written Description]

46.    IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the relief he is seeking or any relief, on the grounds that the patents-in-suit are invalid under 35 USC §112, paragraph 1 in that the written description is deficient.

47.    IdeaStix is informed and believes, and on that basis alleges, that the specifications of the '275 patent and the '681 patent do not contain a full written description of the inventions; the specifications do not establish that Kim was in possession of the subject matter that is patented; the specifications do not support claims that were added by amendment; the specifications do not provide antecedents for elements that are claimed and the specifications do not particularly point out and distinguish the subject matter of the patents.

## SEVENTH AFFIRMATIVE DEFENSE

### [Non-enabling disclosure]

48.    IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the relief that he is seeking, or any relief, on the grounds that the patents-in-suit are invalid under 35 U.S.C. §112, paragraph 1 for not being enabling.

49.    IdeaStix is informed and believes, and on that basis alleges, that specifications of the patents-in-suit do not contain written descriptions of the manner and process of making and using the inventions, in such full, clear, concise and exact terms as to enable persons skilled in the art to which they pertain, or with which they are most nearly connected, to make and use the same.

## EIGHTH AFFIRMATIVE DEFENSE

### [Validity Based On Failure To State A Best Mode]

50.   IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the relief that he is seeking, or any relief, on the grounds that the patents-in-suit are invalid under 35 U.S.C. § 112 paragraph 1 for not stating the best mode contemplated by the inventor for carrying out the inventions.

51.   IdeaStix is informed and believes, and on that basis alleges, that Kim, at the time he filed applications for the patents-in-suit and/or during the prosecution of those patents, subjectively contemplated best modes for carrying out the inventions and the specifications for the patents do not describe and disclose these best modes.

## NINTH AFFIRMATIVE DEFENSE

### [Invalidity Based On Indefinite Claims]

52.   IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the relief he is seeking, or any relief, on the grounds that the patents-in-suit are invalid under 35 USC § 112, paragraph 2 in that the claims do not particularly point out and distinctly claim the subject matter which the applicant regarded as the inventions.

53.   IdeaStix is informed and believes, and on that basis alleges, that the terminology of the claims of the patents-in-suit are indefinite, vague, broad, lack antecedents in the specification and/or do not allow a person of ordinary skill in the art to determine what is and what is not claimed by the patent.

## TENTH AFFIRMATIVE DEFENSE

### [Invalidity Based on False Oath]

54.     IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the relief he is seeking, or any relief, on the grounds that the patents-in-suit are invalid and/or unenforceable under 35 U.S.C. § 115 for having being based on a false oath.

55.     IdeaStix is informed and believes, and on that basis alleges, in patent application serial number 07/334,203, which matriculated into the '275 patent, Kim executed an oath dated on or about March 23, 1989.  In this oath, Kim averred and stated that he was the original, first and sole inventor of the subject matter which is claimed and for which a patent was sought on the invention and specification.  Kim did further declare that all statements made in the oath were true; that willful false statements are punishable by fine or imprisonment, or both, under §1001 of title 18 of the United States Code and that willful false statements made jeopardize the validity of the application or any patent issued therein.

56.     IdeaStix is informed and believes, and on that basis alleges, that the inventor of the subject matter of the '275 patent is Wang Lee and that Kim's oath was false.

57.     IdeaStix is informed and believes, and on that basis alleges, that in patent application number 545,106, which matriculated into the '681 patent, Kim executed an oath on or about June 11, 1990.  In this oath, Kim did aver and stated that he was the original, first and sole inventor of the subject matter which is claimed and for which a patent is sought on the invention and specification.  Kim further declared that all

statements made in the oath were true; that willful false statements are punishable by fine or imprisonment, or both under §1001 of title 18 of the United States Code and that willful false statements may jeopardize the validity of the application of any patent issued thereon.

58.     IdeaStix is informed and believes, and on that basis alleges, that the inventor of the subject matter of the '681 patent is Wang Lee and that Kim's oath was false.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Unenforceability For Failure To Pay Maintenance fees]

59.     IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the relief he is seeking, or any relief, on the grounds that the patents-in-suit are unenforceable for failure to pay maintenance fees.

## TWELFTH AFFIRMATIVE DEFENSE

### [Unenforceability Due to Inequitable Conduct]

60.     IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the relief he is seeking or any relief, on the grounds that the patents-in-suit are unenforceable because Kim engaged in inequitable conduct before the United States Patent and Trademark Office in prosecuting the patent applications.

61.     IdeaStix is informed and believes, and on that basis alleges, that Kim knowingly and with deceptive intent made a material false representation that he himself

invented the subject matter sought to be patented, the true fact being that Wang Lee

invented the subject matter patented.

62.    IdeaStix is informed and believes, and on that basis alleges, that Kim

knowingly and with deceptive intent falsely averred in an oath that he believed himself to

be the original and first inventor of the ornamental sticker and method of producing an

ornamental sticker for which he solicited a patent; the true facts being that Wang Lee was

the original and first inventor.

63.    IdeaStix is informed and believes, and on that basis alleges, that Kim

violated the duty of candor by not disclosing relevant and material prior art to the United

States Patent and Trademark Office and that the non-disclosure was done with an intent

to deceive.

64.    IdeaStix is further informed and believes, and on that basis alleges that

Kim did not disclose an original application for utility model registration filed with the

Korean Industrial Property Office on December 30, 1982, by Wang Lee and assigned

application number patent 1982-0005875; an application for a utility model registration

filed with the Korean Industrial Property Office on December 30, 1983, by Wang Lee

having application number U93-0011407 with a pre-grant publication on July 20, 1984,

that was assigned pre-grant publication number U1984-0003059 and utility model

registration issued by the Korean Industrial Property Office dated September 17, 1985,

and assigned registration number U1985-0001994. IdeaStix is informed and believes,

and on that basis alleges, that at the time of the prosecution of the applications for the

patents-in-suit, Kim is the assignee and owner of each of the foregoing.

65.     IdeaStix is informed and believes, and on that basis alleges, in prosecuting the applications that led to the patents-in-suit, Kim made arguments regarding patentability that improperly construed and misapplied prior art and that these arguments were made with deceptive intent.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Non-Infringement And Absence of Liability for Infringement]

66.     Kim is not entitled to the relief which he is seeking, or any relief, on the grounds that IdeaStix has not made, used, sold and/or offered for sale any product covered by the '275 patent, and that it has not used any method of manufacture covered by '681 patent.  IdeaStix has not induced or contributed to the infringement by others of the patent-in-suit.

67.     IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the relief he is seeking, or any relief, on the grounds that Kim is estopped on the basis of elections, representations and concessions made to the United States Patent and Trademark Office during prosecution of the applications which lead to the patents-in-suit from construing the claims of those patents to cover any product made, used, sold and/or offered for sale by IdeaStix and any manufacturing process utilized by IdeaStix.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Estoppel]

68.    IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the relief he is seeking, or any relief, on the grounds of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Laches]

69.    IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the relief he is seeking, or any relief, on the grounds of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

### [Failure to Mark Articles As Patented]

70.    IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the full relief that it is seeking on the grounds that at all times relevant, he has not provided notice to the public that its products are covered by patents by either fixing thereon the words "Patent" or "Pat." together with the number of the patent, all as required by 35 U.S.C. § 287.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Limitation on Damages for Imported Articles]

71.    IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the full relief that he is seeking on importation of articles under 35 U.S.C. § 287(b).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

72.    IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the full relief that he is seeking on the grounds of statute of limitations under 35 U.S.C. § 286.

## NINETEENTH AFFIRMATIVE DEFENSE

### [Set-Off]

73.    IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the full relief that he is seeking, or any relief, on the grounds of set-off.

## TWENTIETH AFFIRMATIVE DEFENSE

### [Miscellaneous Defenses]

74.    IdeaStix is informed and believes, and on that basis alleges, that Kim is not entitled to the full relief he is seeking, or any relief, based upon failure to mitigate damages, legitimate business purpose, de minimus infringement, good faith, abandonment of the patent rights, comparative fault, third party fault, unclean hands, misuse, statutory defenses, defenses in equity and any doctrine which may be found to be an affirmative defense.

## COUNTERCLAIM

## JURISDICTION

75.     Alleged hereinbelow is a claim for declaratory relief of patent invalidity. This court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1338(a).  The remedy sought herein of a declaration of rights was created under 28 U.S.C. 2201. Alleged hereinbelow is a claim for violation of § 2 of the Sherman Act [15 U.S.C. § 2.] The Court has jurisdiction over the subject matter of the claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 4 and 15. Alleged hereinbelow is a claim for misappropriation of trade secrets.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367.

## THE PARTIES

76.     At all times relevant, Counterclaimant, IdeaStix, Inc. ("IdeaStix"), was and is a corporation duly organized under the laws of the State of California and having its principal place of business at 2525 West 237th St., Suite 122, Torrance, California.

77.     At all times relevant, Counter-Defendant, Jae Duck Kim ("Kim"), was and is an individual residing in the Republic of Korea.

## FIRST COUNTERCLAIM

### [Declaratory Relief of Patent Invalidity]

78.     IdeaStix realleges and incorporates by reference herein the allegations of paragraphs through 34 to 77.

79.     As alleged herein, Counterclaimant, IdeaStix, contends that the patents-in-suit are invalid and unenforceable.

80.     Counter-Defendant, Kim, contends that the patents-in-suit are valid and enforceable.

81.     There presently exists a justiciable and actual controversy between the parties, and it is appropriate at this time for the Court to grant declaratory relief establishing the respective rights and duties of the parties.  The rights and duties of the parties are as follows:

      a.     Each and every claim of the '275 patent and the '681 patent are invalid;

      b.     The '275 patent and the '681 patent are unenforceable.

## SECOND COUNTERCLAIM

### [Anti-trust Violations]

### [15 U.S.C. § 2]

82.     Counterclaimant, IdeaStix, incorporates by reference paragraphs 34 to 81.

83.     Counterclaimant, IdeaStix, is informed and believes, and on that basis alleges, that a market is defined as ornamental stickers for home decoration sold through discount chains throughout the United States.  Counterclaimant, IdeaStix, is further informed and believes, and on that basis alleges, that there are sub-markets defined by multi-state regions within the United States. Theses markets involve interstate commerce.

84.     Counterclaimant, IdeaStix, is informed and believes, and on that basis alleges, that Counter-Defendant, Kim, directly and through entities controlled by him, is presumed to have and does have power in each of the markets based on his ownership of the patents-in-suit, market share and the structure of the markets.

85.     Counterclaimant, IdeaStix, is informed and believes, and on that basis alleges, that Counter-Defendant, Kim, has monopolized and/or attempted to monopolize trade-in-commerce in each of the above-pleaded markets and sub-markets, all in violation of 15 U.S.C. § 2.

86.     Counterclaimant, IdeaStix, is informed and believes, and on that basis alleges, that Kim is enforcing the '257 patent and/or the '681 patent knowing that it was fraudulently procured as alleged herein.  No allegation is made that Kim's counsel of record knew of the fraudulent procurement of the patents-in-suit prior to the filing of this Answer.

87.     Counterclaimant, IdeaStix, is informed and believes, and on that basis alleges, that Kim is enforcing in bad faith the '275 patent and/or the '681 patent with knowledge that each of the patents is invalid and/or unenforceable as alleged herein.  No allegation is made that Kim's counsel of record was in complicity with the bad faith enforcement of the patents-in-suit prior to the filing of this Answer.

88.     Counterclaimant, IdeaStix, is informed and believes, and on that basis alleges, Counter-Defendant, Kim, committed other unlawful acts to restrain trade, control prices and to monopolize and/or attempt to monopolize the defined market and sub-markets.

89.     Counterclaimant, IdeaStix, is informed for believes, and on that basis alleges, that the acts herein alleged of Counter-Defendant, Kim, have injured competition.

90.     Counterclaimant, IdeaStix, is informed and believes, and on that basis alleges, that it has suffered injury to its business and property in an amount according to proof.

## THIRD COUNTERCLAIM

### [Misappropriation of Trade Secrets]

91.     Counterclaimant, IdeaStix, incorporates by reference the allegations in paragraphs 34 through 90.

92.     Counterclaimant, IdeaStix, alleges that within the last two years, it had discussions with a distributor commonly known as the "Ginsey Industries, Inc." regarding distributing its products.

93.     In these discussions, Counterclaimant, IdeaStix, disclosed in confidence to the Ginsey Company confidential business information.

94.     This business information was not generally known to the public and provides a competitive advantage to Counterclaimant, IdeaStix.

95.     Counterclaimant, IdeaStix, is informed and believes, and on that basis alleges, that the Ginsey Company had no true intention of becoming a distributor for Counterclaimant, IdeaStix, and was acting to find out information for Counter-Defendant, Kim, all at the behest and encouragement of Counter-Defendant, Kim.

96.     Counterclaimant, IdeaStix, is informed and believes, and on that basis alleges, Counter-Defendant, Kim, aided, abetted and encouraged the Ginsey Company to act as a "spy" for Counter-Defendant, Kim.

97.    Counterclaimant, IdeaStix, is informed and believes, and on that basis alleges, that Counter-Defendant, Kim, did learn confidential and sensitive business information regarding IdeaStix's business, products, customers, and methods.

98.    Counterclaimant, IdeaStix, is informed and believes, and on that basis alleges, that it has suffered damages in an amount according to proof.

99.    Counterclaimant, IdeaStix, is informed and believes, and on that basis alleges, that Counter-Defendant, Kim, acted, as alleged herein, in an intentional, willful and/or wanton manner; that the actions of Counter-Defendant, Kim, are fraudulent, oppressive and/or malicious.  Justice in this case can only be done where Counter-Defendant, Kim, is punished with punitive damages in accordance with its wealth and commensurate with the compensatory damages.

## PRAYER

**WHEREFORE,** Defendant and Counterclaimant, IdeaStix, Inc., prays for judgment in its favor and against Plaintiff and Counter-Defendant, Jae Duck Kim, as follows:

### On The Complaint

1.    That Kim take nothing by way of his Complaint and that IdeaStix be adjudged non-liable on each and every claim;

2.    Upon IdeaStix being adjudged the prevailing party on the claims in the Complaint, that this case be declared an "exceptional case" within the meaning of 35 U.S.C. § 285 and IdeaStix be awarded reasonable attorneys' fees in defense of those claims;

### On The First Counterclaim

3.     For a declaration that:

    a.  Each and every claim of the '275 patent and the '681 patent are invalid;

    b.  The '275 patent and the '681 patent are unenforceable.

4.     Further necessary or proper relief based on the declaratory judgment or decree as may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment, all in accordance with 28 U.S.C. § 2202.

### On The Second Counterclaim

5.     Damages for injury to business and property;

6.     Doubling and trebling, in the Court's discretion, of the compensatory damages;

7.     Award of attorneys' fees and costs.

### On The Third Counterclaim

8.     Damages according to proof;

9.     Punitive damages commensurate with the reprehensible nature of Kim's conduct, his wealth and the amount of compensatory damages.

### On All Claims and Counterclaims

10.    Costs of suit herein, and

11.    Such other and further relief as the Court may deem necessary and proper.

Respectfully submitted,

Dated:  April 22, 2002

Mark L. Sutton
Howard L. Hoffenberg
PARK & SUTTON LLP
3255 Wilshire Boulevard, Suite 1110
Los Angeles, CA  90010
Telephone:  (213) 389-3777
Facsimile :  (213) 389-3377

David Lesht (6180985)
Raymond M. Mehler (1877275)
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER
200 West Adams Street, Suite 2850
Chicago, IL   60606
Telephone:  (312) 236-8500
Facsimile :  (312) 236-8176